JOAQUÍN SANTANA, peticionario, *v.* CORTE DE DISTRITO DE HUMACAO, HON. R. GARCÍA QUIÑONES, JUEZ, demandada.

Núm. 1173.—*Sometido:* Julio 5, 1939. *Resuelto:* Julio 29, 1939.

*Rafael Buscaglia*, abogado del peticionario; *Mimoso, Vendrell & Mimoso*, abogados del interventor, demandado en el pleito principal.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

En agosto 31, 1931, Félix Benítez Rexach obtuvo sentencia contra Domingo Quintana por la suma de $3,000, más intereses, etc., en la Corte de Distrito de Humacao, en el pleito núm. 15,692. Dicha sentencia es al presente firme e inapelable. Esta sentencia fué posteriormente cedida a Joaquín Santana, peticionario en este recurso.

La ejecución de esta sentencia fué demorada primeramente a virtud de una orden sobre aseguramiento de la sentencia que pudiera dictarse en el pleito núm. 17,770, iniciado por Sergio Muñoz y Domingo Quintana contra Félix Benítez Rexach.

El referido pleito núm. 17,770 fué desistido y entonces Joaquín Santana obtuvo de la Corte de Distrito de Humacao en el aludido pleito núm. 15,692 una orden para la ejecución de la sentencia en él dictada.

Cuando el márshal se disponía a vender los bienes embargados, Domingo Quintana inició un nuevo pleito bajo el número 19,014, con las mismas alegaciones y súplicas contenidas en el caso núm. 17,770, y logró que se suspendiera la ejecución de la sentencia en el pleito núm. 15,692. Dicho caso núm. 19,014 está aún pendiente.

Entonces, según parece, Domingo Quintana acudió ante el Registro de la Propiedad y obtuvo la cancelación de los embargos trabados en el caso núm. 15,692, por tener dichos embargos más de cuatro años.

Posteriormente Domingo Quintana radicó una moción ante la Corte de Distrito de Humacao en el pleito núm. 15,692 solicitando lo que pudiera llamarse el levantamiento por decreto judicial de dichos embargos. Adujo ciertos motivos para el levantamiento que no es menester discutir ahora. La Corte de Distrito de Humacao declaró con lugar su moción, no por los motivos expuestos, sino porque Domingo Quintana y sus fiadores habían prestado una fianza en el pleito núm. 19,014. Esa fianza fué prestada para responder de daños y perjuicios en caso de que no se tuviera éxito en el pleito núm. 19,014.

Las partes aducen varias cuestiones que no es necesario considerar.

Tras un estudio detenido de la cuestión envuelta creemos que la corte de distrito erró al dejar sin efecto el embargo porque al obtenerse la orden de suspensión de la ejecución de la sentencia a virtud de la iniciación del nuevo pleito y del aseguramiento mediante fianza de la sentencia que pudiera recaer en el mismo, las cosas quedaron en el ser y estado en que se encontraban en el momento de la suspensión y en ese momento el embargo existía.

El hecho de que el embargo fuera cancelado en el registro a virtud del transcurso de cuatro años sin haberse renovado, no importa. El registrador actuó sin conocimiento de los hechos y circunstancias concurrentes, tomando en consideración el mero transcurso de un término fijado por el estatuto.

Llevado el asunto a la corte, puesta de relieve la verdadera situación de hecho y de derecho existente, creemos no sólo que la corte debió haber declarado sin lugar la moción de Quintana si que debió haber accedido a la petición de Santana ordenando el restablecimiento del embargo en el Registro mediante nueva anotación.

La mera actuación de las partes al prestar una fianza en otro pleito no puede substituir la intervención de la corte. Para estar seguro de ajustarse a la ley, el demandante debería renovar la inscripción de los embargos en el registro, para lo cual tiene derecho ahora.

La fianza de $5,000 prestada en el pleito núm. 19,014, conforme ya hemos dicho, respondía de daños y perjuicios. Los embargos trabados después de sentencia tan sólo pueden ser levantados mediante el pago de la misma, mediante ejecución o a virtud de otra acción directa. El peticionario alega que en el caso núm. 15,692 la sentencia con sus intereses asciende a más de $7,000. La corte, al suspender la sentencia, había hecho bastante en favor del demandante en el caso núm. 19,014.

■■ El querellado dice que el *certiorari* no es el recurso adecuado en este caso. Creemos que la orden de la corte levantando el embargo fué una dictada después de sentencia y que, en su consecuencia, era apelable bajo el artículo 295 del Código de Enjuiciamiento Civil. Dada la demora que acarrearía tal apelación, dado además lo inadecuado de la fianza y el enmarañamiento de los pleitos que perturban el *status quo,* creemos que la apelación resultaría un remedio inadecuado.

*La resolución de 5 de abril de 1939 ordenando el levanta-miento de los embargos en el pleito núm. 15,692 debe ser anulada y ordenarse que se haga una nueva inscripción en el registro de la propiedad.*

El Juez Asociado Sr. Travieso no intervino.